**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
July 1, 2010

_____

**In re:**

    **Carissa Lyn Patenaude,**                              **Chapter 7 Case**
          **Debtor.**                                        **#10-10169**

_____

**ORDER**
**CONDITIONALLY GRANTING DEBTOR'S MOTION TO REOPEN CHAPTER 7 CASE,**
**GRANTING DEBTOR'S MOTION TO EXTEND TIME TO FILE FORM 23**
**AND GRANTING THE DEBTOR LEAVE TO SUPPLEMENT THE MOTION TO WAIVE FILING FEE**

Carissa Lyn Patenaude (the "Debtor"), appearing pro se, filed this chapter 7 case on February 12, 2010 (doc. # 1). On May 3, 2010, the Court issued a Notice Regarding Debtor Education Course Completion (doc. # 13) alerting the Debtor that Form 23 – Financial Management Course Certificate was due May 18, 2010 (45 days after the first meeting of creditors). That due date passed without the Debtor filing Form 23.

On June 3, 2010, the Court issued a Final decree with Notice of Case Closing Without a Discharge (doc. # 15) that included the following language:

> The case of the above named debtor is closed as of the date of this order. This case is closed without an Order of Discharge of debts being issued for debtor Carissa Lyn Patenaude for failure to file a certification regarding completion of a course in personal financial management (Official Form 23) as required by the Bankruptcy Code and local rules of this Court.
>
> If debtor Carissa Lyn Patenaude subsequently files a Motion to Reopen the case to allow for the filing of a certification regarding completion of a course in personal financial management (Official Form 23), the motion to reopen must also include a request to extend time to allow the late filing of the certification. The debtor must also pay the full filing fee for the motion to reopen at the time the motion is filed. If motion to reopen and the request to extend time are subsequently granted, an Order of Discharge will then be entered in this case for debtor Carissa Lyn Patenaude.

On June 8, 2010, the Debtor filed a Motion to Reopen Chapter 7 case, Waive the Filing Fee, and to Extend Time to File Form 23 (doc. #17), and also filed Form 23 (doc. # 18).

The general rule is that bankruptcy courts must charge $260 to reopen a chapter 7 case.[1] However, an exception to that rule may apply here because this Court previously entered an Order granting the Debtor a waiver of the filing fee for this case under 28 U.S.C. § 1930(f) (doc. # 9). The question presented is whether the Debtor is entitled to a fee waiver at this time.

---

[1] The appendix to 28 U.S.C. § 1930 (the Bankruptcy Court Miscellaneous Fee Schedule eff. 1/01/2010) provides that upon the reopening of a chapter 7 case the following fees are to be charged: the statutory chapter 7 filing fee of $245 plus the $15 fee imposed under 11 U.S.C. § 330(b)(2). See paragraphs 11 and 9 of the appendix, respectively.

With respect to the motion to reopen, THE COURT FINDS the Debtor has set forth a sufficient basis to establish cause for reopening the case under 11 U.S.C. § 330(b).  Therefore, IT IS HEREBY ORDERED that the Debtor's motion to reopen this chapter 7 case is granted, subject to the Debtor's obligation to satisfy the fee requirement as set forth below.

With respect to the Debtor's motion for an extension of time to file Form 23, THE COURT FINDS the Debtor has likewise set forth cause to grant that relief.  Accordingly, IT IS HEREBY ORDERED that the Debtor's motion to extend time to allow for the late filing of Form 23 is granted.  The Debtor's filing of Form 23 will be deemed to have satisfied the statutory prerequisite for entry of a discharge as of the date the Debtor pays the case reopening fee, or if the fee is waived then on the date the Court enters an order granting a waiver of the case reopening fee.

With respect to the Debtor's motion to waive the filing fee, the Debtor must supplement the record before a ruling can be made. The Court has discretion to waive or defer the payment of the reopening fee under appropriate circumstances.[2]  However, THE COURT FINDS that the Debtor has not set forth in her motion any facts that would warrant a waiver of the case reopening fee, in general, or any description of her current financial circumstances that would satisfy the requirements of 28 U.S.C. § 1930(f).  Therefore, IT IS HEREBY ORDERED that

1. the Debtor is granted thirty (30) days' leave to file a supplement to her motion to waive the case reopening fee;

2. the supplement to the motion must (a) generally set forth the basis for the Debtor's motion to waive the case reopening fee, and (b) have appended either a new fee waiver application (Official Form 3B) that sets forth facts reflecting the Debtor's current financial circumstances, or, if her financial circumstances have not changed since the date this chapter 7 case was filed, then the original fee waiver application with an affidavit specifying that there have been no changes and the original fee waiver application accurately reflects her current financial circumstances.

IT IS FURTHER ORDERED that the Clerk's Office shall not enter a discharge order in this case until the Debtor either pays the $260 case reopening fee or files the supplement described above, and that the Clerk's Office shall close this case if the Debtor fails to file the supplement within thirty (30) days.

IT IS FURTHER ORDERED that no trustee shall be appointed in the reopened case.

**SO ORDERED.**

June 30, 2010                                                              Colleen A. Brown
Rutland, Vermont                                                     United States Bankruptcy Judge

---

[2] See appendix to 28 U.S.C. § 1930 (the Bankruptcy Court Miscellaneous Fee Schedule, eff. 1/01/2010) at paragraph 11, which provides in pertinent part:
"The court may waive this [reopening] fee under appropriate circumstances or may defer payment of the fee from trustees pending discovery of additional assets.  If payment is deferred, the fee should be waived if no additional assets are discovered.

2